UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE | * | Case No. 10-60282 |
| | * | |
| EMERSON OVERLOOK, LLC | * | Chapter 11 |
| | * | |
| Debtor. | * | |
| | * | |

### EMERGENCY MOTION FOR ORDER AUTHORIZING DEBTOR TO USE CASH COLLATERAL

COMES NOW, Emerson Overlook, LLC, Debtor and Debtor-in-Possession, and files this Emergency Motion for Order Authorizing Debtor to Use Cash Collateral and in support thereof, respectfully represents:

1. On January 4, 2010, Debtor filed a petition constituting an order for relief under 11 U.S.C. Chapter 11.

2. Debtor has continued in possession of its property and continues to operate as Debtor-in-Possession. Debtor owns two commercial buildings in downtown Marietta, Georgia. Debtor's first building is leased to a commercial tenant, which operates the premises as a coffee shop. This first building is subject to a claim of Landmark Bank, securing its claim in the amount of $346,800.00. Debtor's second building is a mixed-use building. The first several floors are commercial space and the remainder of the building is dedicated to residential condominiums being offered for sale. Debtor's income consists primarily of rents collected from its tenants, and monthly installments on an owner financed purchase agreement for commercial space in a portion of the Debtor's mixed-use building. Debtor will also realize income from the sale of condominium units as the Court may approve on appropriate motion to sell. Debtor's expenses consist primarily of

343792

those maintenance expenditures consistent with operating the building and servicing the commercial leases of its tenants.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory basis for the relief sought in this Motion are Sections 105, 361, 362, and 363 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 4001(b).

6. The Debtor has no employees, but rather contracts its maintenance and tenant servicing needs with deOplossing, Inc. deOplossing, Inc. invoices the Debtor for actual, out of pocket expenses for vendors and subcontractors, and is paid a management fee amounting to eight percent (8%) of the expenditures. Debtor is invoiced on a monthly basis. Debtor's budget of anticipated expenses is attached hereto as Exhibit "A". Debtor requests authorization to make those expenditures contained in the column designated January, 2010, pending Court approval of the remainder of the budget on a final hearing on use of cash collateral.

7. The Debtor has one lender with interests in its accounts receivable, rents or other interests potentially constituting interests in cash collateral: The Bank of North Georgia has asserted a security interest in the Debtor's rents, accounts receivable and other sources of income, with a claim in the amount of $18,016,289.20. The Debtor has proposed to make interest payments on the debt to the Bank of North Georgia, commencing February, 2010, and payments toward the principal of the loan commencing in April, 2010. Debtor has income in the amount of $80,192.63 per month from its leases and purchase contracts, independent of any income realized from the sale of condominium units. Debtor proposes interest only payments on its indebtedness to the Landmark Bank per the budget.

343792

8.  The Debtor seeks authorization, on an emergency basis, to expend cash collateral in the Debtor's ordinary course of business to meet its expenses and continue its operations. This relief is necessary to maintain the value of the Debtors' assets, including going concern value, tenant goodwill, building maintenance, ability to sell condominium units and the ability to continue to service its tenant lease obligations. In order to assure operating capital, it is necessary for the Debtor to have the use of its accounts receivable and other cash collateral items, which may be subject to claims of the Bank of North Georgia. The Debtor proposes to use the cash collateral for the following purposes: to fund ongoing working capital needs of the Debtor, including the payment of administrative and overhead expenses, capital expenditures, maintenance and other corporate purposes of the Debtor as set forth in Exhibit A.

9.  As adequate protection for the use of cash collateral, the Debtor proposes to grant the aforementioned creditor replacement liens on accounts receivable and rents of the Debtor generated post-petition, to the same validity, priority and extent as existed pre-petition. In the event of any condominium sales, liens will attach to sales proceeds and net proceeds will go toward reduction of the principal debt to this creditor. The Debtor urges the Court to find that these replacements liens constitute adequate protection for the use of cash collateral pursuant to 11 U.S.C. § 363(e).

10. The Debtor believes that if it is afforded the opportunity to continue its business and to reorganize its affairs in an orderly fashion, the return to all interested parties will be significantly enhanced. Continued cash availability is essential to the Debtor's ability to continue its business. Accordingly, the Debtor submits that approval of the request to use cash collateral is in the best interest of the Debtor's creditors.

343792

11.     Notice of this pleading will be served via facsimile transmission or overnight delivery to: (i) the United States Trustee, (ii) those parties listed as the Debtor's 20 largest unsecured creditors, (iii) the Bank of North Georgia and (iv) the Landmark Bank. No examiner, trustee or creditors' committee has been appointed in this case. Given the nature of the relief requested herein and the harm to the Debtor that will result if the requested relief is not granted, the Debtor submits that such notice is sufficient and proper, and that no other notice need be given.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an interim order approving the foregoing Motion authorizing the Debtor to utilize cash collateral, granting replacement liens to the same validity, priority and extent as existed pre-petition, and granting such other and further relief as the Court may deem to be just and proper.

Dated January 4, 2010, Atlanta, Georgia.

Respectfully submitted,

/s/ William A. Rountree
Todd E. Hennings, Georgia Bar 347302
William A. Rountree, Georgia Bar 616503

Macey, Wilensky, Kessler & Hennings, LLC
230 Peachtree Street, N.W.
Suite 2700
Atlanta, GA 30303-1561
(404) 584-1200
(404) 681-4355 – Facsimile

343792

## Emerson Overlook, LLC
## Budget

| | Jan, 2010 | Feb, 2010 | Mar, 2010 | April, 2010 | May, 2010 | June, 2010 | July, 2010 | Aug, 2010 | Totals |
|---|---|---|---|---|---|---|---|---|---|
| **Income** | | | | | | | | | |
| MIJS Lease Income | 53,924.45 | 53,924.45 | 53,924.45 | 53,924.45 | 53,924.45 | 53,924.45 | 53,924.45 | 53,924.45 | 431,395.62 |
| Anderson Street Partners Note No. 1 payment at 3.50% interest | 25,031.18 | 25,031.18 | 25,031.18 | 25,031.18 | 25,031.18 | 25,031.18 | 25,031.18 | 25,031.18 | 200,249.44 |
| Anderson Street Partners Note No. 1 payment at 6.25% interest | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Anderson Street Partners Note No. 1 Balloon Payment on December 29, 2011 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Anderson Street Partners Note No. 2 at 6.25% interest starting Dec. 2011 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Anderson Street Partners Note No. 2 Balloon Payment on December 29, 2018 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Emerson Coffee Shop lease income | 1,237.00 | 1,237.00 | 1,237.00 | 1,237.00 | 1,237.00 | 2,000.00 | 2,000.00 | 2,000.00 | 12,185.00 |
| Net proceeds from Emerson Coffee Shop sale | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Proceeds from Sibly lawsuit | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Condominium lease income (2 units) | 0.00 | 0.00 | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 | 36,000.00 |
| Net proceeds from partial sale of Highland Grove Office Condominiums | | | | | | | | | |
| Condominium sale income | 0.00 | 0.00 | 368,261.81 | 368,261.81 | 0.00 | 368,261.81 | 368,261.81 | 368,261.81 | 1,841,309.04 |
| **Total Income** | 80,192.63 | 80,192.63 | 454,454.44 | 454,454.44 | 86,192.63 | 455,217.44 | 455,217.44 | 455,217.44 | 2,521,139.10 |
| **Expenses** | | | | | | | | | |
| Anderson Street Partners Lease share | 28,174.88 | 27,758.50 | 27,758.50 | 27,758.50 | 27,758.50 | 27,758.50 | 27,758.50 | 27,758.50 | 222,484.38 |
| Interest on BNG note @ 3.25% | 0.00 | 48,643.88 | 48,643.88 | 48,643.88 | 48,137.97 | 47,499.83 | 47,499.83 | 46,672.02 | 335,741.30 |
| Interest on BNG note @ 6.00% | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Interest on Emerson Coffee LOC | 980.86 | 980.86 | 980.86 | 980.86 | 980.86 | 980.86 | 980.86 | 980.86 | 7,846.86 |
| Principle payment on BNG note | 0.00 | 0.00 | 0.00 | 186,799.22 | 235,620.07 | 0.00 | 305,651.18 | 277,537.84 | 1,005,608.32 |
| Payoff Emerson Coffee LOC | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Payments for HOA expenses | 5,750.00 | 5,750.00 | 5,544.64 | 5,339.29 | 5,339.29 | 5,133.93 | 4,928.57 | 4,723.21 | 42,508.93 |
| Marketing / Advertising expenses | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 20,000.00 |
| Sales commission on condo sale | 0.00 | 0.00 | 22,095.71 | 22,095.71 | 0.00 | 22,095.71 | 22,095.71 | 22,095.71 | 110,478.54 |
| 2009 City of Marietta taxes on residential condominiums | | | 3,212.36 | 3,212.36 | 3,212.36 | 3,212.36 | 3,212.36 | 3,212.36 | 16,061.80 |
| 2009 Cobb County taxes on residential condominiums | | | 946.45 | 946.45 | 946.45 | 946.45 | 946.45 | 946.45 | 4,732.25 |
| 2010 City of Marietta taxes on residential condominiums | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 2010 Cobb County taxes on residential condominiums | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Payable to MIJS for 48% 2009 Taxes | | | 40,578.35 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 40,578.35 |
| 2010 City of Marietta taxes on 48% of commercial space | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 2010 Cobb County taxes on 48% of Commercial Space | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Closing costs on condo sale | | | 3,500.00 | 3,500.00 | 3,500.00 | 3,500.00 | 3,500.00 | 3,500.00 | 17,500.00 |
| Fitness Center Equipment Lease | 4,645.25 | 876.46 | 876.46 | 876.46 | 876.46 | 876.46 | 876.46 | 876.46 | 10,780.47 |
| Utilities in unsold condominiums | 8,400.00 | 8,400.00 | 8,400.00 | 8,100.00 | 8,100.00 | 7,800.00 | 7,500.00 | 7,200.00 | 63,900.00 |
| Maintainence MEPS | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 4,000.00 |
| Bank fees | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 800.00 |
| CPA fees | | | 1,000.00 | | | | 1,000.00 | | 2,000.00 |

**EXHIBIT A**

# Emerson Overlook, LLC
## Budget

| | Jan, 2010 | Feb, 2010 | Mar, 2010 | April, 2010 | May, 2010 | June, 2010 | July, 2010 | Aug, 2010 | Totals |
|---|---|---|---|---|---|---|---|---|---|
| Insurance | 2,300.00 | 2,300.00 | 2,300.00 | 2,300.00 | 2,300.00 | 2,300.00 | 2,300.00 | 2,300.00 | 18,400.00 |
| Administrative Expenses | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 8,000.00 |
| BNG Lawsuit Legal Expenses | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 20,000.00 |
| Sibly Lawsuit Legal Expenses | 0.00 | 0.00 | 0.00 | 25,000.00 | | | 25,000.00 | | 50,000.00 |
| Chapter 11 Legal expenses | 8,000.00 | 8,000.00 | 8,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 34,000.00 |
| Secured Trade Creditor payments | | | 15,500.00 | 15,500.00 | 15,500.00 | 15,500.00 | 15,500.00 | 15,500.00 | 93,000.00 |
| Unsecured Trade Creditor payments | | | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 30,000.00 |
| Emerson Coffee Shop LOC payments | 980.86 | 980.86 | 980.86 | 980.86 | 980.86 | 980.86 | 980.86 | 980.86 | 7,846.88 |
| Total Expense | 65,831.85 | 110,290.56 | 201,918.07 | 365,633.59 | 359,194.01 | 152,184.96 | 483,330.78 | 427,884.28 | 2,166,268.10 |
| Monthly Cash Flow | 14,360.78 | -30,097.93 | 252,536.37 | 88,820.85 | -273,001.37 | 303,032.48 | -28,113.34 | 27,333.16 | |
| Monthly Cash Balance | 14,360.78 | -15,737.15 | 236,799.22 | 325,620.07 | 52,618.70 | 355,651.18 | 327,537.84 | 354,871.00 | |
| BNG Loan Balance | 17,960,817.93 | 17,960,817.93 | 17,960,817.93 | 17,774,018.71 | 17,538,398.63 | 17,538,398.63 | 17,232,747.45 | 16,955,209.61 | |

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing MOTION FOR ORDER AUTHORIZING DEBTOR TO USE CASH COLLATERAL was served by facsimile and by depositing a copy of same in the United States Mail, first class postage prepaid, addressed to the following interested parties and to the Twenty Largest Unsecured Creditors as listed on attached sheet:

Office of the U.S. Trustee          Facsimile: 404-331-4464
362 Richard B. Russell Building
75 Spring Street, S.W.
Atlanta, GA 30303

Gregory M. Taube, Esq.              Facsimile: 404-322-6050
Nelson, Mullins, Riley & Scarborough, LLP
201 17th Street, NW
Suite 1700
Atlanta, GA 30363

Bank of North Georgia
P.O. Box 1407
Alpharetta, GA 30009

First Landmark Bank
48 Atlanta Street
Marietta, GA 30060

This 4th day of January, 2010.

/s/ William A. Rountree
Todd E. Hennings, Georgia Bar 347302
William A. Rountree, Georgia Bar 616503

Macey, Wilensky, Kessler & Hennings, LLC
230 Peachtree Street, N.W.
Suite 2700
Atlanta, GA 30303-1561
(404) 584-1200
(404) 681-4355 – Facsimile

343792